IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

**DANSHAYE WILLIAMS,**

    Petitioner,

v.   Case No. 4:14cv23-MW/CAS

**JULIE L. JONES, Secretary,
Department of Corrections,**[1]

    Respondent.

_____/

## REPORT AND RECOMMENDATION TO DENY § 2254 PETITION

On January 8, 2014, Petitioner Danshaye Williams, proceeding pro se, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. ECF No. 1. On June 24, 2014, Respondent filed an answer, with exhibits. ECF No. 7. Petitioner filed a reply on July 9, 2014, ECF No. 8, and an amended reply on July 22, 2014, ECF No. 9. On March 21, 2016, Petitioner filed a supplemental memorandum of law. ECF No. 13.

The matter was referred to the undersigned United States Magistrate

---

[1]The Clerk of Court shall substitute Julie L. Jones, as Secretary of the Florida Department of Corrections, for Michael D. Crews. Julie Jones became Secretary on January 5, 2015, and shall be automatically substituted pursuant to Federal Rule of Civil Procedure 25(d).

Judge for report and recommendation pursuant to 28 U.S.C. § 636 and Northern District of Florida Local Rule 72.2(B). After careful consideration of all issues raised, the undersigned has determined that no evidentiary hearing is required for disposition of this case. *See* Rule 8(a), R. Gov. § 2254 Cases in U.S. Dist. Cts. For the reasons stated herein, the pleadings and attachments before the Court show that Petitioner is not entitled to federal habeas relief and this § 2254 petition should be denied.

## Background and Procedural History

By information filed March 23, 2010, in case number 2010-CF-0683, Second Judicial Circuit, Leon County, the State of Florida charged Petitioner Danshaye Williams, with two counts in connection with events that occurred November 11, 2009: (1) burglary of a dwelling, a second degree felony, in violation of section 810.02(3)(b), Florida Statutes; and (2) petit theft, a second degree misdemeanor, in violation of section 812.014(3)(a), Florida Statutes. ECF No. 7 Ex. A at 6.[1] Williams proceeded to a jury trial on November 12, 2010, before Judge James C.

---

[1] Hereinafter, all citations to the state court record, "Ex. –," refer to exhibits submitted with Respondent's Answer, ECF No. 7.

Hankinson, and the jury found him guilty as charged on Count 1 and not guilty on Count 2.  *Id.* at 34-35; Ex. C at 180-81.  In a judgment and sentence rendered November 15, 2010, the state trial court adjudicated him guilty and sentenced him, as a Prison Releasee Reoffender (PRR), to fifteen (15) years in prison, with credit for 255 days time served.  Ex. A at 40-49.

Williams appealed his conviction and sentence to the First District Court of Appeal (DCA), assigned case number 1D10-6452.  *See* Ex. E. His appointed attorney filed a brief pursuant to Anders v. California, 368 U.S. 738 (1967), asserting no issues of arguable merit existed, but pointing out that fines and costs were invalidly imposed.  *See id.*  Williams was given the opportunity to file a pro se brief, but did not do so.  Ex. F.  On March 12, 2012, the First DCA affirmed his conviction and sentence, but reversed and remanded regarding the imposition of certain fines.  Ex. G; Williams v. State, 82 So. 3d 186 (Fla. 1st DCA 2012).

During the pendency of the case on remand, Williams submitted two motions for post-conviction relief pursuant to Florida Rule of Criminal Procedure 3.850, on August 21, 2012.  Ex. H at 1-5, 6-9.  The state trial

court (Judge Hankinson) denied the first motion without a hearing. Id. at 10-12. Pursuant to the appellate court remand, the state trial court rendered an amended judgment and sentence, deleting a fine, on October 17, 2012. Id. at 13-22.

Williams appealed the denial of the Rule 3.850 motion. Id. at 30-31. The First DCA per curiam affirmed the case, assigned number 1D12-5399, without a written opinion on January 11, 2013. Ex. I; Williams v. State, 105 So. 3d 528 (Fla. 1st DCA 2013).

On December 12, 2012, Williams filed a motion to appoint counsel and a "Defendant's Motion Affidavit." Ex. J. The trial court summarily denied the motion on December 19, 2012. Id. at 5. Williams appealed, and the First DCA dismissed the case, assigned number 1D12-6150, for failure to comply with a court order. Exs. K, L.

On May 8, 2013, Williams filed a motion in the state trial court to expedite the proceedings regarding the second Rule 3.850 motion he had submitted on August 21, 2012. Ex. N at 1. The State filed a response to the Rule 3.850 motion, Ex. O, and Williams filed a reply, Ex. P. By order rendered October 10, 2013, the state court denied the Rule 3.850 motion.

Ex. Q. Evidently, Williams did not appeal this order.

As indicated above, Williams filed his § 2254 petition on January 8, 2014. ECF No. 1. He raises one ground, asserting he was convicted for an uncharged crime because "no one is named in Counts one or two of information filed by the State," and, thus, his conviction constitutes fundamental error. *Id*. at 5. Respondent has filed an answer. ECF No. 7. Williams has filed a reply, an amended reply, and a supplemental memo. ECF Nos. 8, 9, and 13.

## Analysis

Pursuant to 28 U.S.C. § 2254, as amended by the Anti-Terrorism and Effective Death Penalty Act of 1996 (AEDPA), federal courts may grant habeas corpus relief for persons in state custody. Section 2254(d) provides, in pertinent part:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim –
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

(2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d). *See, e.g.,* Cullen v. Pinholster, 131 S.Ct. 1388, 1398 (2011); Williams v. Taylor, 529 U.S. 362 (2000); Gill v. Mecusker, 633 F.3d 1272 (11th Cir. 2011). "This is a 'difficult to meet' and 'highly deferential standard for evaluating state-court rulings, which demands that state-court decisions be given the benefit of the doubt.'" Cullen, 131 S.Ct. at 1398 (quoting Harrington v. Richter, 131 S.Ct. 770, 786 (2011), and Woodford v. Visciotti, 537 U.S. 19, 24 (2002)). This Court's review "is limited to the record that was before the state court that adjudicated the claim on the merits." Cullen, 131 S.Ct. at 1388.

Petitioner Williams argues the information fails to charge him with any crime because "no one is named in Counts One or Two." ECF No. 1 at 5. Williams raised this claim in state court, as the second ground in his first Rule 3.850 motion, Ex. H at 2-3, which the state trial court summarily denied, *id.* at 10-12. In particular, the court explained its ruling:

> [H]e contends that the information was so defective that the Court lacked jurisdiction because his name was not stated within the actual count. Since the claim should have been or could have been raised on appeal, it is not a cognizable claim.

Case No. 4:14cv23-MW/CAS

> Fla. R. Crim. P. 3.850(c). Aside from the technical bar, the Court has reviewed the information in question, and it is legally sufficient. (*Attachment A – information*) See, Desmond v. State, 576 So. 2d 743 (Fla. 2d DCA 1991); Ingleton v. State, 700 So. 2d 735 (Fla. 5th DCA 1997).

*Id.* at 10. This ruling, affirmed on appeal without opinion, is entitled to deference and review is limited to the record before the state court. *See* Cullen, 131 S.Ct. at 1388.

The record supports the state court's findings. The record contains copies of the charging information used for trial. Ex. A at 6. The document identifies the Petitioner, Danshaye L. Williams, as the Defendant in the case and includes, in the caption, the Petitioner's name, race and gender, date of birth, and Social Security number. *Id.* The information charges "the above-named defendant" with two counts:

> COUNT I: On or about November 11, 2009, did unlawfully enter or remain in a structure located at 417 West 7th Avenue, the dwelling of Erin J. Vansickle, with intent to commit the offense of theft or some offense therein, contrary to Section 810.02(3)(b), Florida Statutes.
>
> COUNT II: On or about November 11, 2009, did knowingly obtain or use, or did endeavor to obtain or use, necklace, clothing and bedding, the property of Erin J. Vansickle, with the unlawful intent to either temporarily or permanently deprive the other person

>of a right to the property or a benefit therefrom or to
>appropriate the property to defendant's own use or
>to the use of any person not entitled thereto,
>contrary to Section 812.014(3)(a), Florida Statutes.

*Id.* This information thus identified Williams as the defendant, set forth the charged crimes and essential facts, cited the statutes he allegedly violated, and was not "so vague, indistinct, and indefinite as to mislead the accused and embarrass him . . . in the preparation of a defense or expose the accused after conviction or acquittal to substantial danger of a new prosecution for the same offense." Fla. R. Crim. P. 3.140(o); *see* Carbajal v. State, 75 So. 3d 258, 262-63 (Fla. 2011) (citing Rule 3.140(o) and explaining that "while a charging instrument is essential to invoke the circuit court's subject matter jurisdiction, 'defects in charging documents are not always fundamental where the omitted matter is not essential, where the actual notice provided is sufficient, and were all the elements of the crime in question are proved at trial'" (quoting State v. Gray, 435 So. 2d 816, 818 (Fla. 1983))).

Moreover, to the extent Williams asserts the state court erred in any decision concerning the Florida rule, "federal habeas corpus relief does not lie for errors of state law." Lewis v. Jeffers, 497 U.S. 764, 780 (1990); *see*

Case No. 4:14cv23-MW/CAS

Estelle v. McGuire, 502 U.S. 62, 67-68 (1991) (explaining that errors that do not infringe on defendant's constitutional rights provide no basis for federal habeas corpus relief). "A state's interpretation of its own laws or rules provides no basis for federal habeas corpus relief, since no question of a constitutional nature is involved." Carrizales v. Wainwright, 699 F.2d 1053, 1055 (11th Cir. 1983); *accord, e.g.*, McCullough v. Singletary, 967 F.2d 530, 535 (11th Cir. 1992). *See also, e.g.*, Heath v. Jones, 863 F.2d 815, 821 (11th Cir. 1989) ("The sufficiency of a state indictment is an issue on federal habeas corpus only if the indictment was so deficient that the convicting court was deprived of jurisdiction. That is not the case presented here. An examination of the indictment . . . shows that it incorporated the elements of the offense of armed robbery, named the complaining witness and sufficiently described the circumstances of the alleged robbery. The indictment was not fatally defective, for it adequately informed Heath of the charge he was called upon to defend, and the state trial court was not deprived of jurisdiction.").

Based on the foregoing, Williams has not shown the state court rulings rejecting his claim resulted in a decision that was either (1) contrary to, or involved an unreasonable application of, clearly established U.S.

Supreme Court precedent, or (2) based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding. *See* 28 U.S.C. § 2254(d)(1)-(2). This ground should be denied.

## Conclusion

Based on the foregoing, Petitioner Danshaye Williams is not entitled to federal habeas relief. The § 2254 petition (ECF No. 1) should be denied.

## Certificate of Appealability

Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant," and if a certificate is issued "the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)." Rule 11(b) provides that a timely notice of appeal must still be filed, even if the court issues a certificate of appealability.

Petitioner fails to make a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2); <u>Slack v. McDaniel</u>, 529 U.S. 473, 483-84 (2000) (explaining substantial showing) (citation omitted). Therefore, the Court should deny a certificate of appealability in its final

order.

The second sentence of Rule 11(a) provides: "Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue."  The parties shall make any argument as to whether a certificate should issue by objections to this report and recommendation.

Leave to appeal in forma pauperis should also be denied.  *See* Fed. R. App. P. 24(a)(3)(A) (providing that before or after notice of appeal is filed, the court may certify appeal is not in good faith or party is not otherwise entitled to appeal in forma pauperis).

## Recommendation

It is therefore respectfully **RECOMMENDED** that the Court **DENY** the § 2254 petition (ECF No. 1).  It is further **RECOMMENDED** that a certificate of appealability be **DENIED** and that leave to appeal in forma pauperis be **DENIED**.  The Clerk shall substitute Julie L. Jones for Michael D. Crews as Respondent.

**IN CHAMBERS** at Tallahassee, Florida, on June 20, 2016.

S/ Charles A. Stampelos
**CHARLES A. STAMPELOS**
**UNITED STATES MAGISTRATE JUDGE**

Case No. 4:14cv23-MW/CAS

## NOTICE TO THE PARTIES

**Within fourteen (14) days after being served with a copy of this report and recommendation, a party may serve and file specific, written objections to the proposed findings and recommendations. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.   Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**